**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| SCOTT SOLOMON, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | **COMPLAINT** |
| AMERICAN FEDERATION OF STATE, | ) | **(CLASS ACTION)** |
| COUNTY AND MUNICIPAL | ) | |
| EMPLOYEES, DISTRICT COUNCIL 37, | ) | |
| AFL-CIO, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

1.    The U.S. Supreme Court has concluded that unions acted unconstitutionally when they deducted tens of millions of dollars from public-sector employees who were not members of a union, but were required to pay agency fees to the union against their will. *See Janus v. AFSCME,* 138 S. Ct. 2448 (2018). Plaintiff, individually and on behalf of a class of all agency fee-payers as a class whose money was taken by American Federation of State, County and Municipal Employees, District Council 37, AFL-CIO, ("District Council 37"), sues for the return of their wrongfully-seized money under 42 U.S.C. § 1983.

## PARTIES

2.    Plaintiff Scott Solomon served as a city planner in the Queens office of the New York City Department of City Planning from October 2014 to July 2018 and resides in Ronkonkoma, New York.

3.      District Council 37 is a labor union representing public sector employees across New York City. Its main offices in New York City, New York.

## JURISDICTION AND VENUE

4.      This case raises claims under the First and Fourteenth Amendments of the United State Constitution and 42 U.S.C. § 1983. The Court has subject-matter jurisdiction under 28 U.S.C. § 1331 and 28 U.S.C. § 1343.

5.      Venue is appropriate under 28 U.S.C. § 1391(b) because District Council 37 has its headquarters in and a substantial portion of the events giving rise to the claims occurred in the Southern District of New York.

## FACTUAL ALLEGATIONS

6.      The New York Public Employees' Fair Employment Act mandates that a union certified as an exclusive representative "shall be entitled to have deducted from the wage or salary of employees of such negotiating unit who are not members of said employee organization the amount equivalent to the dues levied by such employee organization…"  NY Civ Serv L § 208(b) (2016).  Exclusive representatives are entitled to these fees, and public employers are required to withhold them and transmit them to the union. *See Re Onondaga-Cortland-Madison BOCES Federation of Teachers, NYSUT, AFT # 2897*, 1992 PERB No. U-12308, at 7-8.

7.      District Council 37 is the exclusive representative for classified employees of the mayoral agencies, the Health and Hospitals Corporation, the Off-Track Betting Corporation, the City Housing Authority, the Comptroller, the District Attorneys, the Borough Presidents, the Public Administrators, and any museum, library, zoological garden, or other cultural institution whose salary is paid in whole from the City Treasury, as recognized by the collective bargaining agreement between District Council 37 and the City of New York.

8.      The collective bargaining agreement between District Council 37 and the City of New York initially covered January 1, 1995 to June 30, 2001, but continues in force to today with supplemental Memoranda of Agreement, the most recent of which was signed June 25, 2018.

9.      Prior to June 28, 2018, all employees in the bargaining units represented by District Council 37 who were not union members, including the Plaintiff, were forced to pay "fair-share fees" to District Council 37 as a condition of their employment.

10.     Prior to June 28, 2018, municipal employers covered by the collective bargaining agreement deducted fair share fees from Plaintiff's and other nonmembers wages without their consent and, upon information and belief, transferred those funds to District Council 37, which collected those funds.

11.     During times after June 1, 2016, District Council 37 should have known that its seizure of fair share fees from non-consenting employees likely violated the First Amendment.

## CLASS ACTION ALLEGATIONS

12.     This case is brought as a class action under Federal Rule of Civil Procedure 23(b)(3) by Plaintiff for himself and for all others similarly situated. The class consists of all current and former New York City employees from whom District Council 37 collected fair share fees pursuant to its collective bargaining agreement with the City of New York within the applicable statute of limitations.

13.     Upon information and belief, the number of persons in the class is so numerous that joinder is impractical.

14.     There are questions of law and fact common to all class members, including Plaintiff. The constitutional violations perpetrated by District Council 37 against all nonmembers

were taken according to the same statutes and collective bargaining agreement. The legal question of whether District Council 37 owes damages to class members from whom it unconstitutionally seized fair share fees is common to all class members.

15.    Plaintiff's claim is typical of class members' members claims because all concern whether District Council 37 owes damages to class members from whom it unconstitutionally seized fair share fees.

16.    Plaintiff will adequately represent the class and has no conflict with other class members.

17.    The class can be maintained under Federal Rule of Civil Procedure 23(b)(3) because questions of law or fact common to the members of the class predominate over any questions affecting only individual members, in that the important and controlling questions of law or fact are common to all class members, i.e., whether the aforementioned fee deductions violate their First Amendment rights. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, inasmuch as the individual respective class members are deprived of the same rights by District Council 37's actions, differing only in the amount of money deducted. This fact is known to District Council 37 and easily calculated from its business records. The limited amount of money involved in the class of each individual's claim would make it burdensome for the respective class members to maintain separate actions.

## CAUSE OF ACTION

18.    The allegations contained in all preceding paragraphs are incorporated herein by reference.

19.    District Council 37 acted under color of state law and in concert with the City of New York when it compelled Plaintiff and class members to pay fair share fees, caused the government to deduct fair share fees from the Plaintiff and class members, and collected fair share fees seized from the Plaintiff and class members.

20.    District Council 37, by requiring the payment of fair share fees as a condition of employment and by collecting such fees, violated Plaintiff's and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

## PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

a.   Certify the Class; and

b.   Enter a judgment declaring that District Council 37 violated Plaintiff's and class members' constitutional rights by compelling them to pay fair share fees as a condition of their employment and by collecting fair-share fees from them without consent; and

c.   Award Plaintiff and class members actual damages in the full amount of fair share fees and assessments seized from their wages, plus interest, for violations of their First Amendment Rights;

d.   Award the Plaintiff his costs and attorneys' fees under 42 U.S.C. § 1988; and

e.   Award any further relief to which Plaintiff may be entitled.

Dated: July 22, 2019

Respectfully Submitted,

SCOTT SOLOMON

By:        /s/ Jeffrey Schwab_____

Jeffrey M. Schwab (pro hac vice motion file
simultaneous to this complaint)
Daniel R. Suhr (pro hac vice motion file
simultaneous to this complaint)
Liberty Justice Center
190 South LaSalle Street, Suite 1500
Chicago, Illinois 60603
Telephone (312) 263-7668
Facsimile (312) 263-7702
jschwab@libertyjusticecenter.org
dsuhr@libertyjusticecenter.org

*Attorneys for Plaintiffs*

William Messenger (pro hac vice motion
forthcoming)
National Right to Work Legal Defense
Foundation
8001 Braddock Rd., Suite 600
Springfield, VA 22160
703.321.8510
703.321.9319 (fax)
wlm@nrtw.org